IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELODY A. RUSSELL, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) **CONSOLIDATED** <br> ) Civ. No. 15-794-SLR <br> ) |
| DELAWARE ONLINE, et al., | ) <br> ) <br> ) |
| Defendants. | ) |

Melody A. Russell, Glen Burnie, Maryland. Pro se Plaintiff.

Chad Michael Shandler, Esquire, and Christine Dealy Haynes, Esquire, Richards, Layton & Finger PA, Wilmington, Delaware. Counsel for Defendants Delaware Online, The News Journal, and Robin Brown.

Brittany M. Giusini, Esquire, and William A. Hurst, Esquire, Greenberg Traurig, LLP, Wilmington, Delaware and Albany, New York. Counsel for Defendant The Milford Beacon.

**MEMORANDUM OPINION**

Dated: June 20, 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Plaintiff Melody A. Russell ("plaintiff") proceeds pro se. She filed five lawsuits seeking injunctive relief and damages for defamation, libel, and personal injury due to defendants' publications of articles concerning her arrest in March 2015. On October 1, 2015, the court consolidated the cases. (*See* D.I. 6) Presently before the court are motions to dismiss filed by defendants The Milford Beacon ("Milford Beacon") and News Journal defendants Robin Brown ("Brown"), Delaware Online ("Delaware Online"), and The News Journal ("News Journal") ("News Journal defendants") (D.I. 2, 25, 28), and plaintiff's opposition wherein she seeks leave to amend. Also before the court are plaintiff's motion to compel, motion to amend, motion for a ruling, and her response to the court's February 24, 2016 show cause order. (D.I. 28, 31, 34, 38) For the following reasons, the court will grant the motions to dismiss, dismiss the unserved defendants, and deny the remaining motions.

## II. BACKGROUND

On March 26, 2016, plaintiff was arrested by the Harrington Police Department who issued a press release regarding the arrest on March 30, 2015. (D.I. 30) The text of the press release is attached to the complaint as an exhibit.[1] Following the arrest and

---

[1] "In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec.*

receipt of the press release, various news outlets, including the Milford Beacon and the News Journal, published articles about the arrest. The News Journal article, published on March 30, 2015 and authored by Brown, was also posted on the News Journal's website, Delawareonline.

The Milford Beacon's article, also published on March 30, 2015, relied on statements made by Harrington Police Spokesman Lt. Earl K. Brode. Similar to articles published by the News Journal defendants, the Milford Beacon article describes plaintiff's arrest and reports that she was charged with strangulation, offensive touching, and disorderly conduct arising from an altercation with her cousin. (*See* D.I. 26, ex. 1)

Plaintiff alleges that defendants published a false story. She states that she did not engage in the actions as alleged and, because she was exonerated in court and is not legally required to disclose the arrest since the records are sealed pursuant to 11 Del. C. §§ 4371-4378,[2] she has been falsely branded by the publication of the articles. Plaintiff alleges defamation, libel, and personal injury. She seeks compensatory damages and injunctive relief to require defendants to remove articles about her from their websites, social media, and search engines.

---

*Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Accordingly, when a complaint contains excerpts from certain press releases, a court may properly refer to the full text of those public statements. *See In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 292 (3d Cir. 1999) (citing *Burlington Coat*, 114 F.3d at 1426 and *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 707 (3d Cir. 1996)).

[2]Delaware's expungement statute is found at 11 Del. C. §§ 4371-4378. The policy behind the statute is that innocent persons should be able to expunge arrest records "which may occur as a result of arrest and other criminal proceedings which are unfounded or unproven". 11 Del. C. § 4371.

2

Moving defendants seek dismissal pursuant to Rule 12(b)(6) on the grounds that: (1) the complaint fails to state a claim upon which relief may be granted; (2) the articles at issue are protected by the fair report privilege; (3) the First Amendment bars retroactive tort liability that plaintiff seeks to impose on a true newsworthy report; (4) Delawareonline does not exist as a separate entity; and (5) plaintiff's request for a preliminary injunction qualifies as a prior restraint on free speech prohibited by the First Amendment.

## III. LEGAL STANDARDS

Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. at 94. To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

### A. Failure to State a Claim

Defendants move to dismiss on the grounds that the complaint fails to state a claim upon which relief may be granted. The Milford Beacon argues that it is implausible for plaintiff to admit that she was arrested and, at the same time, claim that because the arrest record was sealed, the newspaper articles reporting the arrest

4

qualify as false stories. The News Journal defendants argue that the complaint fails to state a claim of defamation or libel given that the published articles were accurate in all material respects.

A statement is defamatory "if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Spence v. Funk*, 396 A.2d 967 (Del. 1978) (quoting Restatement (First) of Torts § 559 (1938)). To succeed in a claim for defamation,[3] a plaintiff must show: "(1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury." *Holmes v. The News Journal Co.*, 2015 WL 1893150, at *2 (Del. Super. 2015). Truth is an absolute defense. *Id.* Where the alleged defamatory statement is shown not to be false, it is unnecessary to delve into any of the additional factors. *DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A.2d 1151, 1155 (Del. 1981).

Plaintiff argues that defendants did nothing more than to repeat a false story and that they failed to show that the City of Harrington, or its police department, provided them with any information. In addition, plaintiff argues that defendants merely repeated the "original story" provided them by the Harrington Police Department which omitted key facts. Plaintiff provides a list of those omitted facts and sets forth what she views as incorrect information in the articles. (*See* D.I. 31) She also questions why the article

---

[3]"[D]efamation consists of the 'twin torts' of libel and slander. . . . In shortest terms, libel is written defamation and slander is oral defamation . . . ." *Spence v. Funk*, 396 A.2d at 969.

5

did not contain certain information such as: (1) what the argument was between plaintiff and her cousin; (2) where the fight occurred (if it happened) and how long it lasted; (3) whether there was an investigation, who conducted it, and how long it lasted; (4) how the police determined that plaintiff and her cousin were both at home when the alleged fight took place; (5) where plaintiff's cousin physically sustained her injuries (if she was injured); (6) what type of knife plaintiff's cousin had when she charged plaintiff (if the cousin had a knife); (7) who broke up the fight and why were they in the cousin's home since she lives alone; (8) why the cousin was remanded to Sussex Correctional Institution when the institution is only for men.

The articles at issue accurately reported on plaintiff's arrest and charges brought against her. Notably, plaintiff acknowledges that the articles repeat the original story (referring to the Harrington Police Department press release). When comparing the press release with the published articles, it is evident the facts of the articles were reported correctly as based on the Harrington Police Department's press release. While the underlying charges ultimately were dismissed, expunged, and/or sealed, this has no effect on the truthfulness of the articles at the time of their publication. *See e.g., Holmes*, 2015 WL 1893150, at *3. Indeed, at the time the articles were published, it was unknown that, in the future, the charges against plaintiff would be dismissed, that they would be expunged, and the record sealed. The court finds that the articles at issue were substantially true and, therefore, not defamatory. As a result, defendants cannot be liable for defamation for the published articles reporting plaintiff's March 26, 2015 arrest and the charges brought against her.

The court will grant the motions to dismiss for failure to state a claim upon which relief may be granted. In addition, the court determines that a curative amendment would be futile. *See Alston v. Parker*, 363 F.3d 229, 236 n.10 (3d Cir. 2004).

### B. Fair Report Privilege

Defendants further move for dismissal on the grounds that they are protected by the fair report privilege. Plaintiff argues that the privilege is inapplicable.[4]

The fair report privilege shields the media from liability only for publishing an accurate and fair account of a judicial proceeding or the governmental acts of executive officials of government. *Read v. News-Journal*, 474 A.2d 119, 120 (Del. 1984). *See also Short v. News-Journal Co.*, 212 A.2d 718 (Del. 1965) (action of director and associate in issuing news release falls in the category of governmental acts covered by fair report privilege). The privilege permits a newspaper or other press defendant to relieve itself of liability without establishing the truth of the substance of the statement reported. *See Medico v. Time, Inc.*, 643 F.2d 134, 138 (3d Cir. 1981). In addition, "[i]f the . . . account is fair, accurate and complete, and not published solely for the purpose of causing harm to the person defamed, it is privileged and no responsibility attaches, even though the information contained therein is false or inaccurate." *Lal v. CBS, Inc.*, 726 F.2d 97 (3d Cir. 1984).

The fair report privilege applies to the articles at issue. The articles were based on an official press release issued by the Harrington Police Department, referred to by

---

[4]Plaintiff also argues that defendants are not protected by the Reporter's Privilege Act, 10 Del. C. § 4326. (D.I. 31 at ¶¶ 4, 7, 8) Defendants do not rely upon the Reporter's Privilege Act as a ground for dismissal.

7

plaintiff as the "original" or "false" story. Plaintiff's allegations indicate that the articles fairly summarized the press release inasmuch as she alleges the articles "repeat[] the original false story" and do not provide information that differs from the original story. As discussed above, the articles at issue were substantially true and, therefore, not defamatory. Nor does plaintiff allege that defendants acted in malice or abused their privilege in reporting plaintiff's arrest. Finally, the fact that the charges were ultimately dismissed against plaintiff has no effect on the truthfulness of the articles at the time of their publication. See *Holmes*, 2015 WL 1893150. Accordingly, the court will grant defendants' motions to dismiss on the basis of the fair report privilege.

### C. Separate Corporate Entity

The News Journal defendants move to dismiss the claims against Delawareonline on the grounds that it does not exist as a separate corporate entity. Delawareonline.com is a website controlled and maintained by the News Journal. (See D.I. 30, ¶ 3) Plaintiff filed an opposition to the motion to dismiss, but did not respond to this ground for dismissal.

The court will grant the motion to dismiss Delawareonline, taking into consideration plaintiff's pro se status and that, had this case proceeded, she could have maintained an action against the News Journal, the entity that maintains and controls the website Delawareonline.com.

## V. PRELIMINARY INJUNCTION

Concurrent with commencement of this action, plaintiff filed a motion for an immediate restraining order and preliminary injunctive relief requiring defendants to: (1) remove the story from their web-sites, social media, and search engines; (2) retract the story; and (3) refrain from reporting stories about her arrest (including anonymous

stories). (D.I. 2) She also seeks an order for any third party to remove the false story. (*Id.*) The Milford Beacon opposes the motion on the grounds that it seeks the extraordinary remedy of "prior restraint" on speech.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winters v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). It should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.

For the reasons discussed above in the context of the court's consideration of defendants' motions to dismiss, the court concludes plaintiff has failed to show a likelihood of success on the merits. As noted, plaintiff has failed to state a claim for defamation and the fair report privilege is applicable. Therefore, the court will deny plaintiff's motion.

## VI. UNSERVED DEFENDANTS

On February 24, 2016, the court ordered plaintiff to show cause why defendants WBOC 16, WBOC-TV, and Kye Parsons ("Parsons") should not be dismissed for failure

9

to effect proper service upon them as required pursuant to Fed. R. Civ. P. 4(m). Plaintiff filed a lengthy response to the show cause order, along with several documents. (See D.I. 38) Nonetheless, the response does not explain why the foregoing defendants have yet to be served pursuant to the Federal Rules of Civil Procedure.

Therefore, the court finds that plaintiff has failed to show cause why WBOC 16, WBOC-TV, and Parsons should not be dismissed for failure to serve pursuant to Fed. R. Civ. P. 4(m).

## VII. CONCLUSION

For the above reasons, the court will: (1) grant defendants' motions to dismiss[5] (D.I. 25, 28); (2) deny the motion for injunctive relief (D.I. 2); and (3) deny the remaining motions as moot (D.I. 31, 34, 38). The court finds amendment futile.

An appropriate order will be entered.

---

[5] The Milford Beacon also seeks dismissal on the grounds that the First Amendment bars retroactive tort liability. Because dismissal is appropriate for failure to state a claim upon which relief may be granted and based upon the fair report privilege, the court will not address this ground for dismissal.